**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CALVIN F. CURRICA, #354-168 | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-16-3259 |
| WARDEN RICHARD MILLER, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending is self-represented petitioner Calvin F. Currica's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions entered in 2008 in the Circuit Court for Montgomery County. ECF No. 1.[1] Respondents have filed a response. ECF No. 2.[2] As relief, Currica seeks a new trial and a reduction of his sentence. After review of the parties' submissions and exhibits, the Court finds that additional information is needed before consideration of the issues can proceed.

**BACKGROUND AND PROCEDURAL HISTORY**

On March 14, 2008, Currica was indicted in case no. 109922 for murder and robbery with a dangerous weapon. On March 20, 2008, Currica was separately indicted in case no. 109946 with carjacking (counts 1 and 9), conspiracy to commit kidnapping (counts 4, 12, and 18), robbery with a dangerous weapon (counts 5 and 13), conspiracy to commit robbery with a dangerous weapon (counts 6, 14, and 20), first-degree assault (counts 7 and 21), conspiracy to commit first-degree assault (counts 8 and 22), attempted carjacking (count 15), attempted

---

[1] *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis. (Last visited April 20, 2017).

[2] Currica was informed that he may file a reply (ECF No. 4), although has not done so

kidnapping (count 17), and attempted robbery with a dangerous weapon (count 19). ECF No. 12-1 (Resp. Ex. 1, docket sheets).

On August 11, 2008, Currica, who was represented by counsel, entered a guilty plea in case no. 109922 to second-degree murder (count one of that indictment was amended), and a guilty plea to two counts of carjacking in case no. 109946. ECF No. 12-1, 12-2 (Plea transcript). The parties have not included a copy of the plea agreement with their submissions.

At the plea hearing held on November 18, 2008, the trial judge told Currica, and Currica affirmed that he understood, that "[w]hen you are charged with second degree murder, which is what the charge will be changed to, you are liable for a maximum penalty of 30 years in jail or less depending on what I determine, and you can be placed on probation for any suspended sentence I might impose." ECF 12-2 at p. 10. (plea transcript). Turning next to the carjacking charges, the trial court explained to Currica that "each of these charges carries the possibility of being put in jail for up to 30 years. Once again, I can impose whatever sentence, including jail time and a period of suspended jail time, if I wish to do so." *Id.* at p. 11. Currica confirmed that he understood. *Id*. At the end of the hearing, the Court sentenced Currica to a total of 80 years of incarceration.[3] The court imposed 30 years for second-degree murder and two 25 years consecutive terms for carjacking. ECF No. 12-1, 12-3 at p. 55-56 (Resp. Ex. 3 sentencing transcript).

On November 21, 2008, Currica filed an Application for Review of Sentence by a three-judge panel, which was denied on September 2, 2009, and a Motion for Reconsideration of

---

[3] It is unclear why Currica states in the Petition that he was sentenced to a total of 85 years of incarceration. ECF No. 1 at pp. 1, 8,18.

Sentence which was denied on May 7, 2013. ECF No. 12-1. On June 19, 2012, Currica filed a Motion to Correct an Illegal Sentence, which was denied on July 16, 2012. ECF No. 12-1.

On June 2, 2014, Currica filed a self-represented Petition for Post-Conviction Relief, which he amended on September 22, 2014, to assert the following claims:

(1) the Circuit Court breached the plea agreement which he claimed limited his sentence to a maximum of 51 years;

(2) the State breached the plea agreement by seeking a sentence higher than 51 years;

(3) trial counsel provided ineffective assistance by failing to file an Application for Leave to Appeal his Convictions; and

(4) the plea agreement was for a combined sentence of 30-51 years.

ECF No. 12-1; ECF No. 12-4 at pp. 2-3 (Resp. Ex. 4, Post-Conviction Petition); ECF No. 12-5 (Resp. Ex. 5, Supplemental Petition); ECF No. 12-7 at p. 5 (Resp. Ex. 7, Post-Conviction Hearing Transcript).[4]

On November 24, 2014, the Circuit Court for Montgomery County held a hearing on the Petition for Post-Conviction Relief. ECF No. 12-7. The Court denied relief in part and granted relief in part. The court rejected Currica's claims that the sentencing court and the State breached the plea agreement, but granted him thirty days to file a belated Application for Leave to Appeal his ineffective assistance of counsel claim. *Id*. at pp. 43-45, 47; ECF No. 12-8 (Order).

Currica filed a belated Application for Leave to Appeal pro se, which was denied on August 12, 2015. The mandate issued on September 14, 2015. ECF No. 12-9 (Resp. Ex. 9, Application for Leave to Appeal); ECF No. 12-10, ECF No. 12-11. (Resp. Ex. 10 (Belated Application for Leave to Appeal) & Ex. 11 (Mandate). As only the mandate has been filed by

---

[4] Currica also claims the Court of Appeals of Maryland erred by denying his Petition for Certiorari. ECF No. 1 at p. 15.

Respondents, it is unclear whether the Application for Leave to Appeal was denied on the merits or summarily denied.

Currica also filed an Application for Leave to Appeal the Denial of Post-Conviction Relief, arguing that, by sentencing him to 80 years, both the court and the State breached the plea agreement. ECF No. 12-9 (Resp. Ex. 9, Application for Leave to Appeal the Denial of Post-Conviction Relief). The Court of Special Appeals denied the Application for Leave to Appeal on August 12, 2015, with the mandate issuing on October 30, 2015. ECF No. 12-12 (Resp. Ex. 12, Mandate). The record is unclear whether the Application for Leave to Appeal the Denial of Post-Conviction Relief was denied on the merits or summarily.

Currica filed his federal Petition on September 26, 2016, presenting three claims of error for the Court's review:

(1) the Circuit Court breached the plea agreement by sentencing him to eighty years of imprisonment;

(2) Currica's plea was neither knowing or voluntary because he understood his plea agreement capped his sentence at 51 years; and

(3) the Circuit Court erred by not allowing him to withdraw his guilty plea when it indicated it intended to disregard the sentencing guidelines.

ECF No. 1 at pp. 8-14.[5]

Respondents assert that these claims "can essentially be distilled to one: whether the circuit court breached the plea agreement by sentencing Currica to a sentence of 80 years." ECF No. 12 at p. 18. Curiously, the plea agreement on which these claims are based is not in the record.

---

[5] Currica also asserts the Court of Appeals of Maryland erred by denying his Petition for Certiorari. ECF No. 1 at p. 15.

Additional information is necessary for consideration of the claims presented. First, Respondents shall provide a copy of the plea agreement. Second, Respondents shall provide copies of the orders, and if applicable, the decisions issued by the Court of Special Appeals denying Currica's Application for Leave to Appeal the Denial of Post Conviction Relief and Belated Application for Leave to Appeal.  When a state appellate court summarily affirms a reasoned lower-court decision, or refuses a petition for review, then a federal habeas court is to "look through" the unexplained affirmance to examine the "last reasoned decision" on the claim, assuming that the summary appellate decision rests on the same ground. *Grueninger v. Director*, *Virginia Department of Corrections* (4th. Cir. 2016) (quoting *Yist v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Brumfield v. Cain*, ––– U.S. ––––, 135 S.Ct. 2269, 2276 (2015) (applying "look through" doctrine to evaluate state trial court's reasoned decision denying claim on the merits where state supreme court summarily denied petition for review). Here, it is unclear whether the Circuit Court's decision denying post-conviction relief is the last reasoned opinion on the claims presented.

Lastly, Respondents shall supplement their Response to address whether the state adjudication is "contrary to" clearly established federal law concerning acceptance of an intelligent, knowing and voluntary guilty plea, as well as whether the plea was breached. Respondents shall amplify their summary assertion that the Circuit Court of Maryland's denial of post conviction relief satisfies the standard in *Santobello v. New York*, 404 U.S. 257, 262 (1971), to include referring this Court to any subsequent Supreme Court precedent on the issues that Currica has raised in his Petition.

Accordingly, the Court will order Respondents to file additional information and supplement the Response within twenty-eight days. Currica is granted twenty-eight days to file a Reply thereafter. An order follows this Memorandum Opinion.

Date: May 1, 2017                                                                /S/
                                                                                  PAULA XINIS
                                                                                  United States District Judge